UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 12-cv-11428-WGY

```
****************************************
DAVID J. HOWE,                          *
            Plaintiff,                  *
v.                                      *
                                        *
U.S. BANK NATIONAL ASSOCIATION          *
AND LEGAL TITLE TRUSTEE FOR             *
LVS TITLE TRUST I,                      *
            Defendant.                  *
                                        *
****************************************
```

## DEFENDANT U.S. BANK NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS LEGAL TITLE TRUSTEE FOR LVS TITLE TRUST I's ANSWER, COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

DEFENDANT, U.S. Bank National Association not in its individual capacity, but solely as Legal Title Trustee for LVS Title Trust I ("US Bank"), by and through its attorneys, Doonan Graves and Longoria LLC, hereby files this its Counterclaim Complaint and Affirmative Defenses and Answers Plaintiff's Complaint as follows:

Except as expressly admitted or denied herein below, US Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations of each and every paragraph of the Complaint.

## ANSWER

### I. JURISDICTION

1. Admitted, that the subject property is located in Sudbury, Middlesex County, Massachusetts. Denied, that the Middlesex Superior Court has jurisdiction to hear all matters which are the subject of this complaint as this action was removed from the Middlesex Superior Court to U.S. District Court on August 2, 2012.

## II. PARTIES

2. Admitted, upon information and belief, David J. Howe (hereinafter, "Mr. Howe") is an individual and citizen of the Commonwealth of Massachusetts, residing at 12 Stuart Street, Sudbury, Middlesex County, Massachusetts.

3. Denied, U.S. Bank National Association and Legal Title Trustee for LVS Title Trust I is one Defendant. Denied, US Bank's principal office is located at 60 Livingston Avenue, St. Paul, MN.

## COUNT I – BREACH OF CONTRACT

4. Admitted.

5. Denied, Sand Canyon Corp. f/k/a Option One Mortgage Corporation assigned the mortgage to J.P. Morgan Mortgage Acquisition Corp. on August 5, 2010. Admitted, that the assignment of mortgage was recorded at the Middlesex County (Southern District) Registry of Deeds in Book 55197, Page 570.

6. Denied, J.P. Morgan Mortgage Acquisition Corp. assigned the mortgage to U.S. Bank National Association not in its individual capacity but solely as Legal Title Trustee for LVS Title Trust I. Admitted, that the assignment of mortgage was recorded at the Middlesex County (Southern District) Registry of Deeds in Book 58687, Page 226.

7. Denied that he was current in August of 2010, admitted that he was in default in March of 2012.

8. US Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 8 but whether a 150 day notice was sent prior to a prior foreclosure is not relevant.

9. Denied, BSI Financial Services, Inc., as servicer for U.S. Bank, sent a 150 day Notice of Right to Cure on September 12, 2011.

10. Admitted.

11. Admitted.

12. Admitted, that US Bank requested documentation. Denied, as to "significant" the financial documentation provided has not included tax returns or complete copies of verifiable financial records.

13. Admitted, that Howe was properly served with all necessary documentation, denied that foreclosure was "suggested" as the bank's communications regarding the time and place of the foreclosure were clear.

14. Denied, Mr. Howe communicated with U.S. Bank following the notice of sale concerning his ideas for short reinstatement, short re-finance. Denied, that he provided documentation on a weekly basis.

15. Denied, an appraisal of the property was completed on July 2, 2012, but it was not to "assist" parties in negotiating the terms.

16. Admitted, that Howe received notice, US Bank lacks knowledge as to the date he opened or retrieved his notice. Admitted.

17. Denied, that 1st Alliance Lending is a subsidiary of US Bank. Denied, US Bank lacks knowledge or information sufficient to form a belief as to the truth of the balance of the allegations asserted in paragraph 18.

18. Denied, that 1st Alliance is a subsidiary and has no knowledge as to what they communicated with Howe.

19. Denied, no additional appraisal was ordered as communicated to Mr. Howe on July 12, 2012.

20. Denied, that the workout negotiations were misleading in any way. Admitted, that the workout proposal included a deposit to be made by Mr. Howe. Denied, as to the failure to clarify the amount and application of funds. Mr. Howe was advised that if he reinstated prior to August 1, 2012, the amount to reinstate would be $52,400.03. If he reinstated after August 1, 2012, the amount to reinstate would be $55,970.98. The funds were to reinstate his loan. Denied that US Bank refused to identify where the funds would be allocated.

21. Denied. Furthermore, all negotiations have ceased and there are no pending proposals.

22. Denied, the August 3, 2012, foreclosure sale was postponed by public proclamation to August 23, 2012 and further to September 14, 2012.

23. Denied, US Bank has postponed the original foreclosure sale three times to finalize any possible settlement negotiations with Mr. Howe. Admitted, that Mr. Howe will lose one of the properties he owns, but US Bank lacks knowledge if this is his residence.

## COUNT II – BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

24. US Bank repeats and realleges paragraphs 1-23, as if fully set forth herein.

25. No response is required this paragraph appears to be an inaccurate statement of the law.

26. Denied, US Bank made several settlement proposals, all of which were declined by Mr. Howe.

## COUNT III– INJUNCTIVE RELIEF

27. US Bank repeats and realleges paragraphs 1-26, as if fully set forth herein.

28. Denied, US Bank has continually negotiated settlement in good faith.

29. Admitted.

30. No response is necessary.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, release, acquiescence and ratification.

3. The Plaintiff's claims are barred by the doctrine of unclean hands.

4. The Plaintiff's claims are barred by the doctrine of laches.

5. The Plaintiff's claims are barred by his own bad faith.

6. The Plaintiff's claims are estopped by his own conduct from asserting any claim for relief US Bank.

7. The Plaintiff has by his actions waived the claims made in his Complaint.

8. US Bank has not caused the Plaintiff to suffer any actual damages.

9. The Plaintiff has failed to mitigate his damages.

10. The Plaintiff is in breach of the terms and conditions of the subject Note and Mortgage and; therefore, is barred from recovery.

11. The Complaint must be dismissed based upon the doctrine of accord and satisfaction.

12. The Plaintiff's claims are barred in whole or in party by the doctrines of *res judicata* and collateral estoppel due to rulings in his bankruptcy proceedings.

13. The Plaintiff's claims are barred by the doctrine of unjust enrichment.

14. If US Bank's security interest is voided, Plaintiff would be required to tender an amount equal to the direct benefit received from US Bank's loan.

15. Plaintiff is barred from obtaining the relief as the loss and/or damage alleged by Plaintiff is caused by Plaintiff.

16. Plaintiff is barred from obtaining the relief as the loss and/or damage alleged by Plaintiff is caused by a third-party or parties for whom Defendant has no legal or equitable obligation.

17. Plaintiff's claims are not advanced in good faith.

18. Plaintiff is barred from obtaining relief due to assumption of the risk.

19. The Plaintiff's claims to relief are barred under the statute of frauds.

20. The Plaintiff's claims to relief are barred under the parol evidence rule.

21. Plaintiff is not entitled to relief sought in that a balancing of the equities does not favor the Plaintiff's claims.

22. Plaintiff's claims are barred because at all times the Defendant acted in good faith.

23. Any and all actions taken by US Bank were performed in accordance with federal and state law.

24. The Plaintiff's claims, if any, should be set off against US Bank's claims against the Plaintiff.

## COUNTERCLAIMS

Pursuant to Fed. R. Civ. P. 13, US Bank brings the following counterclaims against the Plaintiff and states:

## FACTS

1. US Bank is a naturally charted bank, with a principle place of business in St. Paul, MN.

2. Upon information and belief, the Plaintiff resides at 12 Stuart Street in Sudbury, MA.

3. On November 15, 2005, the subject property was deeded from David J. Howe and Elizabeth Cardoso to David J. Howe, by Deed recorded on November 22, 2005, in the Middlesex County (Southern District) Registry of Deeds in Book 46524, at Page 545,

("Howe Deed"). *See* Exhibit B (a true and correct copy of the recorded Howe Deed, a public record, is attached hereto and incorporated herein).

4. On June 15, 2007, the Plaintiff executed a Note to Option One Mortgage Corporation, in the amount of six hundred eighty four thousand and 00/100 ($684,000.00) dollars ("Howe Note"). *See* Exhibit C (a true and correct copy of the Howe Note is attached hereto and incorporated herein).

5. The Allonge to the Howe Note was executed by Option One Mortgage Corporation to Blank on June 15, 2007. *See* Exhibit C.

6. The original Note and Allonge are in the custody of the undersigned, as Attorney-in-Fact for the Defendant, and can be viewed upon request.

7. To secure the loan obligation, the Plaintiff gave a Mortgage to Option One Mortgage Corporation on the property located at 12 Stuart Street, Sudbury, MA 01776 ("Property"), recorded on June 25, 2007, at the aforesaid Registry of Deeds in Book 49660, at Pag 106, ("Howe Mortgage"). *See* Exhibit D (a true and correct copy of the Howe Mortgage is attached hereto and incorporated herein).

8. On April 29, 2008, the Plaintiff voluntarily filed for Chapter 13 Bankruptcy protection, Civil Action Number 08-41330. *See* Exhibit E (a true and correct copy of the Bankruptcy docket is attached hereto and incorporated herein).

9. This bankruptcy was dismissed on April 2, 2009, for Plaintiff's failure to make plan payments, and it was terminated on April 17, 2009.

10. During his bankruptcy, to prove his net worth, Howe filed in his bankruptcy Schedules A - Real Property, Summary of Schedules, Schedule I-Current Income of Individual Debtor(s) and Schedule J-Current Expenditures of Individual Debtor(s) indicating

7

Plaintiff's net worth are attached. *See* Exhibit F (a true and correct copy of the Schedules are attached hereto and incorporated herein).

11. An Assignment of Mortgage from Sand Canyon Corp. f/k/a Option One Mortgage Corporation to JP Morgan Mortgage Acquisition Corp. ("JP Morgan"), dated August 5, 2010, was recorded on August 19, 2010, at the aforesaid Registry in Book 55197, at Page 570 ("JP Morgan Assignment"). *See* Exhibit G (a true and correct copy of the JP Morgan Assignment is attached hereto and incorporated herein).

12. An Assignment of Mortgage from JP Morgan Mortgage Acquisition Corp. to U.S. Bank National Association not in its individual capacity, but solely as Legal Title Trustee for LVS Title Trust I, dated March 1, 2012, was recorded on March 15, 2012, at the aforesaid Registry in Book 58687, at Page 226 ("U.S. Bank Assignment"). *See* Exhibit H (a true and correct copy of the U.S. Bank Assignment is attached hereto and incorporated herein).[1]

13. On June 16, 2010, the Plaintiff voluntarily filed for Chapter 7 Bankruptcy protection, Civil Action Number 10-43053. *See* Exhibit I (a true and correct copy of the Bankruptcy docket is attached hereto and incorporated herein).

14. In this recent bankruptcy, to prove his net worth, Howe filed his bankruptcy Schedules A - Real Property, Summary of Schedules, Schedule I-Current Income of Individual Debtor(s) and Schedule J-Current Expenditures of Individual Debtor(s). These Schedules indicate Plaintiff's net worth are attached. *See* Exhibit J (a true and correct copy of the Schedules are attached hereto and incorporated herein).

15. On July 29, 2010, Select Portfolio Servicing, Inc. ("SPS"), servicer for JP Morgan

Acquisition Corp., sent Howe a letter which stated that he was eligible for a Home Affordable Modification Agreement. *See* Exhibit K (a true and correct copy of the June 29, 2010, Letter is attached hereto and incorporated herein).

16. During his bankruptcy, on August 6, 2010, Howe executed a Home Affordable Modification Agreement, effective July 1, 2010, with the prior mortgagee, JP Morgan Mortgage Acquisition Corp. that significantly reduced the interest rate as well as the payments. *See* Exhibit L (a true and correct copy of the executed Home Affordable Modification Agreement is attached hereto and incorporated herein).

17. Howe was due for the August 2010, through December 2010, payments at the time JP Morgan filed for relief in the second bankruptcy.

18. On December 30, 2010, JP Morgan filed a Motion for Relief from Stay in the Chapter 7 bankruptcy matter. *See* Exhibit I (Docket Entry No. 40).

19. On January 13, 2011, Howe filed an Opposition to Motion for Relief from Stay. *See* Exhibit I (Docket Entry No. 45).

20. On March 10, 2011, the Bankruptcy Court granted JP Morgan's Motion for Relief from Stay. *See* Exhibit I (Docket Entry No. 59).

21. On June 30, 2011, the Plaintiff, United States Trustee, filed an Adversary Action against the Defendant, David J. Howe, Adversary Proceeding Number 11-04080. *See* Exhibit M (a true and correct copy of the Adversary Proceeding Docket is attached hereto and incorporated herein).

22. On September 12, 2011, BSI sent a 150 day Notice of Right to Cure to Howe. *See* Exhibit N (a true and correct copy of the 150 Notice of Right to Cure Letter is attached

---

[1] The details of the assignment were inaccurately stated in the Plaintiff's Motion, and the correct legal entity is listed

hereto and incorporated herein).

23. Howe did not cure the default within the 150 days and on March 2, 2012, a Complaint to satisfy the Servicemembers Act was filed with the Land Court. *See* Exhibit O (a true and correct copy the Land Court Docket is attached hereto and incorporated herein).

24. On May 31, 2012, the Order of Notice was published in the Sudbury Town Crier.

25. On June 28, 2012, pursuant to Massachusetts General Laws, Chapter 244, §14, Notice of Sale letter with a footnote relating to the exception for a Chapter 7 bankruptcy filing, was sent to the Plaintiff at the property address, his primary residence. *See* Exhibit P (a true and correct copy of the M.G.L. Chapter 244, §14 Letter is attached hereto and incorporated herein).

26. On July 2, 2012, the foreclosure sale scheduled for July 26, 2012, was postponed until August 3, 2012, due to a delay in service. *See* Exhibit Q (a true and correct copy of the Letter is attached hereto and incorporated herein).

27. On July 5, 2012, July 12, 2012, and July 19, 2012, the Notice of Mortgagee's Sale of Real Estate published in the aforementioned Sudbury Town Crier. *See* Exhibit R (a true and correct copy of the Notice of Mortgagee's Sale is attached hereto and incorporated herein).

28. Howe was served with the Order of Notice on July 13, 2012, and the Order of Notice was recorded at the aforesaid Registry on May 25, 2012. *See* Exhibit S (a true and correct copy of the Return of Service is attached hereto and incorporated herein).

29. On July 24, 2012, as evidence of full compliance with the Servicemembers Civil Relief Act and that the named party is not entitled to the benefit of the Act, a complete Return on

herein.

Order of Notice, Affidavit as to Military Service, and Motion for Judgment was filed with the Land Court. *See* Exhibit S.

31. On August 2, 2012, the Plaintiff filed his Emergency, Ex Parte, Motion for a Temporary Restraining Order and Preliminary Injunction in the Middlesex County Superior Court as Civil Action Number MICV2012-02998. *See* Exhibit T (Superior Civil Docket is attached hereto and incorporated herein).

32. On or about August 2, 2012, the Defendant, through the undersigned, received the Motion by fax and subsequently removed the matter to this Court. *See* Exhibit U (Case No. 1:12-cv-11428, Docket Entry No.1).

33. On August 2, 2012, the Defendant postponed the August 3, 2012, foreclosure sale by public proclamation to August 16, 2012, to allow the parties to enter into settlement negotiations. *See* Exhibit V (a true and correct copy of the Continued Foreclosure Sale Letter is attached hereto and incorporated herein).

34. The Defendant postponed the foreclosure sale scheduled for August 16, 2012, by public proclamation to August 23, 2012, to provide the Plaintiff additional time to review its settlement offer.

35. On August 22, 2012, the foreclosure sale scheduled for August 23, 2012, was postponed by public proclamation to September 14, 2012, at 10:00 AM for further settlement negotiations.

36. On August 29, 2012, the Plaintiff filed a Motion to Voluntarily Dismiss his Chapter 7 Bankruptcy. *See* Exhibit W (a true and correct copy of the Motion is attached hereto and incorporated herein).

37. The lengthy statement of prior negotiations in the Motion is incomplete and inaccurate.

(1st Alliance Lending is not a subsidiary of the Defendant and is irrelevant). After filing this Motion, Howe was asked to produce documentation to verify his income, and after two specific requests, provided no tax returns for 2009 through 2011, and was unable to corroborate draws and his representations at to his income. Nevertheless, on September 7, 2012, the Defendant offered Howe a final settlement proposal for a modification of his loan. However, the offer was not accepted, thus negotiations are closed and there is no reason to delay the September 14, 2012, foreclosure.

## COUNT I – BREACH OF CONTRACT

38. US Bank repeats and realleges paragraphs 1 through 37, as if fully set forth herein.

39. The Plaintiff's default constitutes a breach of contract and, as a result, he is liable to US Bank for the amount owed under the Note. If allowed to proceed with the foreclosure the amount due under the contract will be reduced by the amount recovered on the mortgage lien and this count will remain as a claim for a deficiency Judgment.

## COUNT II – UNJUST ENRICHMENT

40. In the alternative to its Breach of Contract claim, US Bank repeats and realleges paragraphs 1 through 39, as if fully set forth herein.

41. The Plaintiff was unjustly enriched by receiving the benefit of the bargain at the expense of US Bank.

42. Injustice can only be avoided by awarding damages, interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

43. US Bank repeats and realleges paragraphs 1 through 42, as if fully set forth herein.

44. Based on the foregoing, the Plaintiff breached of the covenant of good faith and fair dealing and is liable to US Bank for damages, interest, plus costs and expenses, including attorney fees.

### COUNT IV - POSSESSION

45. US Bank repeats and realleges paragraphs 1 through 44, as if fully set forth herein.

46. The Plaintiff's right to possession will be terminated at the foreclosure of the mortgage by entry and sale.

47. The Defendant requests a Judgment for Possession and Execution to issue forthwith following the execution of the Memorandum on Terms at the foreclosure sale.

### COUNT V – CLAIM OF US BANK AGAINST DAVID J. HOWE FOR A WRIT OF ATTACHMENT TO SECURE A LIEN ON DEFENDANT'S REAL PROPERTY

48. US Bank repeats and re-alleges paragraphs 1 though 47 as if fully set forth herein.

49. The outstanding debt on the 12 Stuart Street, Sudbury, MA is $925,947.84, not including attorney fees and costs; less the anticipated liquidation value of $551,409.60, resulting in an anticipated deficiency in the amount of $374,538.24.

50. Plaintiff, US Bank, seeks a writ of attachment on said 35 Peck Street, Wayland, MA, in order to secure a lien to recoup proceeds if the property is sold which would minimize the substantial deficiency created as a result of the foreclosure of the 12 Stuart Street, Sudbury, MA, property. *See* Exhibit X (true and correct copies of Deeds are attached hereto and incorporated herein).

51. Plaintiff, US Bank, will not be afforded any other reasonable means to collect on the outstanding debt of the property located at 12 Stuart Street, Sudbury, MA, and which property is currently in foreclosure with a sale date of September 14, 2012.

52. The amount obtained from a foreclosure sale will not be sufficient to cure the amount owed, and a deficiency will exist.

53. The Plaintiff believes that there is likelihood of success on it merits as the Defendant has no defense for non-payment

WHEREFORE U.S. Bank National Association not in its individual capacity, but solely as Legal Title Trustee for LVS Title Trust I respectfully requests the Court:

(i) Enter Judgment in its favor of the Defendant on its counterclaims;

(ii) Dismiss the Plaintiff's Complaint with prejudice;

(iii) Aware Judgment for Possession and Execution;

(iv) Award it damages, interest, plus costs and expenses, including attorney fees; and

(v) Grant an attachment in the amount of $374,538.24, plus attorneys fees and costs in the amount of $_____ plus filing and recording fees in the amount of $; and

(vi) Issue a Writ of Attachment on the property located at 35 Peck Street, Wayland, MA; and

(vii) For such other and further relief as the Court deems appropriate and just.

Respectfully Submitted,

U.S. Bank National Association not in its individual capacity, but solely as Legal Title Trustee for LVS Title Trust I

By its attorneys,

Dated: September 13, 2012

/s/ Reneau J. Longoria
DOONAN, GRAVES & LONGORIA LLC
Reneau J. Longoria, Esq. (BBO# 635118)
John A. Doonan, Esq. (BBO# 547838)
Stephen M. Valente, Esq. (BBO# 663118)
Erin P. Severini, Esq. (BBO#654644)
100 Cummings Center, Suite 225D
Beverly, MA 01915
Tel: (978) 921-2670
rjl@dgandl.com

CERTIFICATE OF SERVICE

I, Reneau J. Longoria, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and via electronic mail on September 13, 2012.

/s/ Reneau J. Longoria
Reneau J. Longoria, Esq.