UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ****************************************<br>DAVID J. HOWE,<br>    Plaintiff,<br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION<br>AND LEGAL TITLE TRUSTEE FOR<br>LVS TITLE TRUST I,<br>    Defendant.<br>**************************************** | Civil Action No. 12-cv-11428-WGY |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT/PLAINTIFF IN COUNTERCLAIM'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, the Defendant/Plaintiff in the Counterclaims, U.S. Bank National Association not in its individual capacity, but solely as Legal Title Trustee for LVS Title Trust I[1] ("U.S. Bank"), by and through its attorneys, Doonan, Graves & Longoria LLC, hereby submits the following Memorandum of Law in support of its Motion for Summary Judgment on all counts set forth in the Plaintiff, David J. Howe's, ("Howe"), Complaint as well as U.S. Bank's counterclaims.

### I.  INTRODUCTION

This case arises out of Howe's undisputed default on his mortgage loan, held by U.S. Bank, and U.S. Bank's subsequent initiation of foreclosure proceedings. In his Complaint, Howe alleges claims of breach of contract and breach of covenant of good faith and fair dealing based on his bare allegation that U.S. Bank, through its servicing agent, should not have proceeded with foreclosure of the mortgage lien, after obtaining relief from the automatic stay in his Chapter 7

---

[1] The Defendant is incorrectly named in the caption as U.S. Bank National Association and Legal Title Trustee for LVS Title Trust I. The correct name of the Defendant is U.S. Bank National Association not in its individual capacity, but solely as Legal Title Trustee for LVS Title Trust I.

1

Bankruptcy case, rather they should have continued to negotiate a loan workout with him until he was offered terms that were acceptable to him.

U.S. Bank is entitled to summary judgment because Howe cannot satisfy his burden of demonstrating a genuine issue of material fact with respect to the causes of action set forth in his Complaint concerning his desire to compel the bank to negotiate indefinitely. U.S. Bank is also entitled to Judgment on its counterclaims for a Judgment on the Note and for possession following the foreclosure of the lien. Howe has failed to present any evidence in support of the essential elements of his claims rendering his case trial-worthy. Summary judgment in favor of U.S Bank is appropriate because Howe's claims lack any evidentiary support and should be determined as a matter of law.

Initially, in his Verified Complaint, Howe acknowledges he breached the mortgage loan contract by defaulting on his payments and that he has remained in default.[2] Additionally, Howe does not dispute the amount of the default as set forth in the prior pleadings, nor the fact that the proper steps have been taken to obtain relief from the Bankruptcy Court in order to proceed to foreclose the lien. Moreover, he does not deny that all of the requisite foreclosure steps have been properly taken and, in fact acknowledges, that he received notice of the non-judicial foreclosure sale.[3] Except for his claim that U.S. Bank did not send him a *new* 150 day Notice of Right to Cure,[4] he concedes the foreclosure has been conducted properly. The only basis for

---

[2] *See* Paragraph 7 of the Complaint.
[3] *See* Paragraph 16 of the Complaint.
[4] *See* Opposition to the Motion to Enjoin the Foreclosure, incorporated by reference herein in its entirety wherein it was demonstrated that Howe received the requisite pre-foreclosure notices and that his claim that he was entitled to a new notice post-assignment fails as a matter of law; *see also Conti v. Wells Fargo Bank, N.A.* 2012 WL 2094375, at *5 (Mass.Land Ct. June 11, 2012 Judge Sands held that "G.L. c. 244 § 35A, in relevant part, states, '[t]he right to cure a default of a required payment shall be granted once during any 3 year period, regardless of mortgage holder.' The current iteration of the statute prevents borrower from repetitively requesting notice to make the process more difficult for the mortgagee and essentially provides the mortgagor with one

2

Howe's breach of contract claim, which is insufficient as a matter of law as demonstrated below, is that U.S. Bank chose to proceed with its foreclosure rather than continue to negotiate a settlement with him. Although Howe does not state what contract U.S. Bank allegedly breached, assuming he is referring to the mortgage contract, as the evidence demonstrates he cannot prove that U.S. Bank breached any of its provisions.[5] The evidence shows that there are no provisions in the mortgage contract requiring U.S. Bank to workout Howe's loan; imposing a duty on U.S. Bank to indefinitely negotiate with Howe to resolve his breach of the contract; and obligating U.S. Bank to postpone or cancel the foreclosure to consider a possible settlement offer by Howe after he rejected U.S. Bank's loan workout offer. Because U.S. Bank was under no contractual duty to negotiate a loan workout with Howe, Howe cannot prove that U.S. Bank lacked good faith in performing under the mortgage contract. In fact, the evidence shows that U.S. Bank, through its servicing agent, attempted to work with Howe and even offered him a loan workout that he rejected. Howe is attempting to invoke rights and obligations from his mortgage contract, now held by U.S. Bank, that, as evidenced by the contract itself, are not legitimate. Ultimately, as the evidence demonstrates, U.S. Bank did not prevent Howe from reaping the benefits of the mortgage contract, it was Howe's own actions in defaulting on his mortgage payments that deprived him of the benefits of the contract.

Additionally, summary judgment in favor of U.S. Bank on its counterclaims is appropriate. Here, there is no genuine issue of material fact as to Howe's breach of the

---

opportunity every three years to address delinquent payments;" *see also Deutsche Bank National Trust Company, As Indenture Trustee for American Home Mortgage Investment Trust 2005-2, Mortgage Backed Notes, Series 2005-2 v. Jepson* 2012 WL 605598 at *4 (Mass.Land Ct.)("It would be inconsistent with the statute's careful refutation of any right to multiple notices and opportunities to cure, to read into the amended law a requirement that new notice, and a new right to cure, be given to a borrower who had received notice under the initial version of the statute.").
[5] Notably, Howe's Complaint does not allege what specific provisions of the mortgage contact U.S. Bank breached.

3

promissory note. Howe has admitted that he is in default on his mortgage payments. Since there is no dispute as to Howe's breach, U.S. Bank is entitled to judgment as a matter of law on its counterclaims, including its claim for possession, if allowed to proceed with the foreclosure sale and is the high bidder at said sale.

For these reasons articulated in the previously filed Opposition and as set forth more fully below, U.S. Bank is entitled to judgment as a matter of law on all counts set forth in Howe's Complaint and on its counterclaims.

## II. FACTUAL AND PROCEDURAL BACKGROUND[6]

For a complete statement of undisputed facts, please refer to U.S. Bank's Statement of Undisputed Material Facts, incorporated herein by reference.

## III. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 56(c), a moving party is entitled to summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact." As the Court stated in *Celotex Corp. v. Catrett*,

> The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

477 U.S. 317, 322 (1986).

In ruling on a motion for summary judgment, the Court must view the record and all reasonable inferences in the light most favorable to the nonmoving party. *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 48 (1st Cir. 1990). Initially, the moving party must demonstrate "an absence of evidence to support the nonmoving party's case." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S.

---

[6] For a complete statement of undisputed facts, please refer to the Defendant's Statement of Undisputed Material Facts incorporated herein by reference.

317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986)). If the moving party satisfies its burden, the burden then shifts to the nonmoving party to make "a competent demonstration that *every essential element* of its claim or defense is at least trialworthy. An essential element of a claim or defense is not trialworthy unless there is sufficient evidence for a jury to return a verdict for the nonmoving party." *Price v. General Motors Corp.*, 931 F.2d 162, 164 (1st Cir. 1991). The nonmoving party cannot rely on his pleadings and allegations to defeat the summary judgment motion, but must respond with specific facts evidenced through affidavits, admissions, answers to interrogatories and depositions, establishing the existence of "genuine issue for trial." Fed. R. Civ. P 56 (e)(2); *Celotex Corp.*, 477 U.S. at 324.

## IV. ARGUMENT

### A. U.S. Bank is Entitled to Summary Judgment on Plaintiff's Claims of Breach of Contract (Count 1) and Breach of the Implied Covenant of Good Faith and Fair Dealing (Count 2).

Howe asserts that U.S. Bank breached the contract and the covenant of good faith and fair dealing by failing to postpone the foreclosure sale that was scheduled for August 3, 2012, and for refusing to continue to negotiate a refinance/modification of his loan. These claims must be rejected as a matter of law, because Howe cannot meet his burden of establishing a genuine issue of material fact.

To prevail on a breach of contract claim, Howe must prove "that a valid, binding contract existed, the defendant breached the terms of the contract, and [he] sustained damages as a result of the breach." *Bean v. Bank of New York Mellon*, 2012 WL 4103913, at *9 (D. Mass. Sept. 18, 2012) (quoting *Ford v. Lehman Capital*, No. 10-40092, 2012 U.S. Dist. Lexis 53551, at *16 (D. Mass. Apr. 17, 2012)). Additionally, Howe must "do more than allege, in conclusory fashion, that the defendant breached the contract, by describing, with substantial certainty, the specific

5

contractual promise the defendant failed to keep." *Brooks v. AIG SunAmerica Life Assur. Co.*, 480 F.3d 579, 586 (1st Cir. 2007).

Moreover, the implied covenant of good faith and fair dealing between a lender and borrower requires that "neither party injures the rights of another to reap the benefits prescribed by the terms of the contract . . . the purpose of the covenant is to guarantee that the parties remain faithful to the intended and agreed expectations of the parties in their performance." *Uno Restaurants, Inc. v. Boston Kenmore Realty Corp.*, 441 Mass. 376, 385, 805 N.E.2d 957, 965 (2004); *see also In re Sullivan*, 346 B.R. 4, 22 (Bankr. D. Mass 2006). In maintaining a claim for breach of the implied covenant of good faith and fair dealing, "the plaintiff has the burden of proving a lack of good faith." *T.W. Nickerson, Inc. v. Fleet Nat'l Bank*, 456 Mass. 562, 570, 924 N.E.2d 696, 704 (2010). The covenant cannot be used "to create rights and duties not otherwise provided for in the existing contractual relationship . . ." *Uno Restaurants, Inc.*, 441 Mass. at 385. "In the lender-borrower context, the implied covenant 'would require that the bank be honest in its dealings with [plaintiffs] and that it not purposefully injure [their] right to obtain the benefit of the contract.'" *Famm Steel, Inc. v. Sovereign Bank*, 571 F.3d 93, 100 (1st Cir. 2009) (citing *Shawmut Bank, N.A. v. Wayman*, 34 Mass.App.Ct. 20, 606 N.E.2d 925, 928 (1993)).

In the case at hand, Howe cannot sustain his burden of establishing that U.S. Bank breached the mortgage contract and the covenant of good faith and fair dealing. He has failed to identify the specific contractual promise U.S. Bank breached and has not produced any credible evidence in support of his claims. *Brooks*, 480 F.3d at 586.

Initially, Howe has failed to demonstrate that a valid contract existed between himself and U.S. Bank that required U.S. Bank to negotiate with him following his default and, ultimately, agree to his proposed alternative resolution to foreclosure. Moreover, he cannot point to any

provision of the Mortgage or Note obligating U.S. Bank to negotiate with him relative to his default and indefinitely postpone its rights under the contract and state law to foreclose. Howe cannot prove U.S. Bank breached the mortgage contract and that he suffered damages. Moreover, there can be no bad faith on the part of U.S. Bank with respect to this claim, since it was not provided for in the contract, nor contemplated by the parties at the time the contract was made. *Uno Restaurants, Inc.*, 441 Mass. at 385; *In re Sullivan*, 346 B.R. at 22.

As set forth in the mortgage contract, U.S. Bank has the right to exercise the statutory power of sale upon Howe's default, which is not in dispute. The mortgage contract does not give Howe the right to a loan workout or modification or require U.S. Bank to negotiate and/or accept Howe's offers to settle his default. While the mortgage contract gives Howe the right to reinstate, under provision eighteen (18), at no time has Howe offered and/or demonstrated he can reinstate the loan. Howe's contention that he has a right to a loan modification is not supported in law or fact. While loss mitigation is offered to borrowers whose loans are in default or who are facing financial hardship, under Massachusetts law, there is no inherent right to a loan workout or an obligation on the part of the mortgagee and/or servicer to modify each and every loan. Moreover, there are no provisions in the loan documents obligating the mortgagee and/or servicer to workout the Plaintiff's loan. *See Federal National Mortgage Associates v. Tong*, 60 Mass App. Ct. 1105, 2003 WL 22881029, at *1 (2003).

Not only has U.S. Bank, through its servicers, worked with Howe to refinance/modify his loan, but its predecessor-in-interest, J.P. Morgan Mortgage Acquisition Corp. extended a Home Affordable Mortgage Plan ("HAMP") in July 2010, that significantly lowered Howe's interest rate and as a result of this reduction, the monthly payments decreased from $6,103.92 to $3,558.98, yet Howe made only one payment and defaulted. Additionally, in November 2011, a third party not affiliated with U.S. Bank or its servicing agent, 1st Alliance, offered to assist Howe

7

in refinancing his loan until it was discovered that Howe filed a Chapter 7 bankruptcy. As a result, the application was withdrawn by 1st Alliance.

Even with the impending foreclosure sale being postponed four times to allow settlement negotiations to take place; Howe submitting only a partial financial package after the deadline and providing inconsistent information; and U.S. Bank's servicer continuing to advance funds to pay real estate taxes and insurance that Howe is not paying, in order to protect its interest in the property, U.S. Bank has attempted to work with Howe in seeking an alternative resolution to foreclose. Yet, despite the settlement proposals offered and concessions offered by U.S. Bank in order to successfully complete a modification, Howe has rejected them all.

As the evidence shows, at no time did U.S. Bank breach any promise to Howe or impede him from realizing the benefit of the contract. It is undisputed that U.S. Bank acted in good faith and in accordance with the terms of the loan documents. Here, Howe is unable to prove U.S. Bank's lack of good faith in performing under the contract. Howe has not offered any evidence to establish how U.S. Bank's alleged conduct prevented from him reaping the benefits of the contract between them. In fact, it was a result of Howe's own conduct in failing to pay his modified mortgage that led to U.S. Bank's commencing foreclosure proceedings. As the record shows, it is undisputed that U.S. Bank acted in good faith and in accordance with the terms of the loan documents. Accordingly, since Howe cannot meet his burden of establishing a triable issue of fact to sustain a cause of action for breach of contract and breach of covenant of good faith and fair dealing, summary judgment should enter in favor of U.S. Bank on these claims.

## B. Howe's Claim for Injunctive Relief (Count 3) is Without Merit.

Count III fails because Howe has no concrete evidence to support his allegations against U.S. Bank as it relates to Count I or Count II and, therefore, no likelihood of success on the merits. Furthermore, Howe, as outlined in the Affidavit of Karen Shoup, is seriously delinquent

on his loan, and as his financial documentation submitted to U.S. Bank indicates, his income is not sufficient to continue to make payments on his loan, even at a new, modified interest rate and principal amount. Therefore, allowing the premises to be sold at foreclosure, would not incur Howe to suffer irreparable injury. Consequently, summary judgment should enter in favor of U.S. Bank of this claim.

## MOTION FOR SUMMARY JUDGMENT ON U.S. BANK'S COUNTERCLAIMS

### A. Count I – Breach of Contract

#### 1. U.S. Bank is Entitled to Judgment on its Breach of Contract Claim.

As a result of Howe's default and his inability to pay his loan as stated under the terms of his modified Note that he executed, U.S. Bank is entitled to judgment for breach of contract. Where, as here, Howe has admitted he defaulted on his obligations under the Note and the documentary evidence submitted in support of U.S. Bank's claim establishes this and Howe's liability therefore, summary judgment must enter in U.S. Bank's favor.

### B. Count II – Unjust Enrichment

#### 2. Alternatively, U.S. Bank is Entitled to Judgment on its Claim for Unjust Enrichment.

To maintain an action for unjust enrichment, the Plaintiff must assert facts establishing "(1) an enrichment; (2) an impoverishment; (3) a relation between the enrichment and impoverishment; (4) an absence of justification; and (5) the absence of a remedy at law." *Braunstein v. Panagiotou and Gedco, LLC*, 345 B.R. 1, 9 (D. Mass. 2006). In the case at hand, Howe has been unjustly enriched as a result of his default since 2010. He has received the benefit of the bargain at the expense of U.S. Bank, as a result of his nonpayment. He has not paid his loan, he has not paid his real estate taxes, and he has not paid his insurance. Furthermore, U.S. Bank has had to incur foreclosure fees and costs as well as litigation costs as a result of Howe's neglecting his financial

9

responsibilities. As a result, alternatively, if a remedy at law is found inadequate, U.S. Bank is entitled to summary judgment on this claim.

### C. Count III – Breach of Covenant of Good Faith and Fair Dealing

### 3. U.S. Bank is Entitled to Judgment on its Claim of Breach of Covenant of Good Faith and Fair Dealing.

The implied covenant of good faith and fair dealing between a lender and borrower requires that "neither party injures the rights of another to reap the benefits prescribed by the terms of the contract . . . the purpose of the covenant is to guarantee that the parties remain faithful to the intended and agreed expectations of the parties in their performance." *Uno Restaurants, Inc. v. Boston Kenmore Realty Corp.*, 441 Mass. 376, 385, 805 N.E.2d 957, 965 (2004); *see also In re Sullivan*, 346 B.R. 4, 22 (Bankr. D. Mass 2006). In maintaining a claim for breach of the implied covenant of good faith and fair dealing, "the plaintiff has the burden of proving a lack of good faith." *T.W. Nickerson, Inc. v. Fleet Nat'l Bank*, 456 Mass. 562, 570, 924 N.E.2d 696, 704 (2010). Here, Howe has exhibited a lack of good faith in performing his obligations to U.S. Bank as a result of his default. U.S. Bank has had to assume his financial responsibilities and his conduct has prevented U.S. Bank from reaping the benefits of the bargain. Accordingly, judgment should enter in favor of U.S. Bank on this cause of action.

### D. Count IV – Possession

### 4. U.S. Bank is Entitled to Judgment on its Claim for Possession.

Because Howe has not proven that U.S. Bank breached his contract with him U.S. Bank should be granted relief on Howe's temporary restraining order and be allowed to continue with its foreclosure sale. U.S. Bank requests that in the event that it is the successful bidder at the foreclosure sale, it be granted possession of the property pursuant to its status as the lawful owner of the subject property. Here, U.S. Bank will have made "a prima facie showing that it obtained a

deed to the property at issue and that the deed and affidavit of sale, showing compliance with statutory foreclosure requirements, were recorded." *Bank of New York v. Bailey*, 460 Mass. 327, 336 (2011).

## V. CONCLUSION

In sum, U.S. Bank has met its burden of making a *prima facie* showing of entitlement to summary judgment on Howe's claims and its counterclaims. Howe has failed to put forth specific facts, supported by documentary evidence, that raise a genuine issue of material fact. As a result, U.S. Bank respectfully request that this Court grant its Motion for Summary Judgment, enter judgment in favor of U.S. Bank and for such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

U.S. Bank National Association not in its individual capacity, but solely as Legal Title Trustee for LVS Title Trust I

By its attorneys,

Dated: September 21, 2012

/s/ Reneau J. Longoria
DOONAN, GRAVES & LONGORIA LLC
Reneau J. Longoria, Esq. (BBO# 635118)
John A. Doonan, Esq. (BBO# 547838)
Stephen M. Valente, Esq. (BBO# 663118)
Erin P. Severini, Esq. (BBO#654644)
100 Cummings Center, Suite 225D
Beverly, MA 01915
Tel: (978) 921-2670
rjl@dgandl.com