UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*     **Civil Action No. 12-cv-11428-WGY**

**DAVID J. HOWE,**     \*

            **Plaintiff,**     \*

**v.**     \*

    \*

**U.S. BANK NATIONAL ASSOCIATION**     \*

**AND LEGAL TITLE TRUSTEE FOR**     \*

**LVS TITLE TRUST I,**     \*

            **Defendant.**     \*

    \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT/PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON THE COMPLAINT AND COUNTERCLAIMS

Defendant, U.S. Bank National Association not in its individual capacity, but solely as Legal Title Trustee for LVS Title Trust I ("US Bank"), by and through its attorneys, hereby submits this Statement of Undisputed Material Facts in support of its Motion for Summary Judgment on the Complaint and Counterclaims.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

### *Loan Details*

1.     On November 15, 2005, the subject property was deeded from David J. Howe and Elizabeth Cardoso to David J. Howe, by Deed recorded on November 22, 2005, in the Middlesex County (Southern District) Registry of Deeds in Book 46524, at Page 545, ("Howe Deed"). *See* Exhibit A of Affidavit of Karen Shoup.

2.     On June 15, 2007, the Plaintiff executed a Note to Option One Mortgage Corporation, in the amount of six hundred eighty four thousand and 00/100 ($684,000.00) dollars ("Howe Note"). *See* Exhibit B of Affidavit of Karen Shoup.

3. The Allonge to the Howe Note was executed by Option One Mortgage Corporation to Blank on June 15, 2007. *See* Exhibit B.

4. The original Note and Allonge are in the custody of the undersigned, as Attorney for the Defendant, can be viewed upon request, and will be produced at the hearing on the Motion for Summary Judgment.

5. To secure the loan obligation, the Plaintiff gave a Mortgage to Option One Mortgage Corporation on the property located at 12 Stuart Street, Sudbury, MA 01776 ("Property"), recorded on June 25, 2007, at the aforesaid Registry of Deeds in Book 49660, at Page 106, ("Howe Mortgage"). *See* Exhibit C of Affidavit of Karen Shoup.

## *First Bankruptcy*

6. On April 29, 2008, the Plaintiff voluntarily filed for Chapter 13 Bankruptcy protection, Civil Action Number 08-41330.

7. This bankruptcy was dismissed on April 2, 2009, for Plaintiff's failure to make plan payments, and it was terminated on April 17, 2009.

8. During his bankruptcy, to prove his net worth, Howe filed in his bankruptcy Schedules A - Real Property, Summary of Schedules, Schedule I-Current Income of Individual Debtor(s) and Schedule J-Current Expenditures of Individual Debtor(s) indicating Plaintiff's net worth are attached.

9. An Assignment of Mortgage from Sand Canyon Corp. f/k/a Option One Mortgage Corporation to JP Morgan Mortgage Acquisition Corp. ("JP Morgan"), dated August 5, 2010, was recorded on August 19, 2010, at the aforesaid Registry in Book 55197, at Page 570 ("JP Morgan Assignment").

10. An Assignment of Mortgage from JP Morgan Mortgage Acquisition Corp. to U.S. Bank National Association not in its individual capacity, but solely as Legal Title Trustee for LVS Title Trust I, dated March 1, 2012, was recorded on March 15, 2012, at the aforesaid Registry in Book 58687, at Page 226 ("U.S. Bank Assignment"). *See* Exhibit 2 of Affidavit of Reneau J. Longoria.[1]

## *Second Bankruptcy*

11. On June 16, 2010, the Plaintiff voluntarily filed for Chapter 7 Bankruptcy protection, Civil Action Number 10-43053.

*12.* In this recent bankruptcy, to prove his net worth, Howe filed his bankruptcy Schedules A - Real Property, Summary of Schedules, Schedule I-Current Income of Individual Debtor(s) and Schedule J-Current Expenditures of Individual Debtor(s). These Schedules indicate Plaintiff's net worth are attached.

## *Workout History*

13. On July 29, 2010, Select Portfolio Servicing, Inc. ("SPS"), servicer for JP Morgan Acquisition Corp., sent Howe a letter which stated that he was eligible for a Home Affordable Modification Agreement. *See* Exhibit D of Affidavit of Karen Shoup.

14. During his bankruptcy, on August 6, 2010, Howe executed a Home Affordable Modification Agreement, effective July 1, 2010, with the prior mortgagee, JP Morgan Mortgage Acquisition Corp. that significantly reduced the interest rate as well as the payments. *See* Exhibit E of Affidavit of Karen Shoup.

15. Howe was due for the August 2010, through December 2010, payments at the time JP Morgan filed for relief in the second bankruptcy.

---

[1] The details of the assignment were inaccurately stated in the Plaintiff's Motion, and the correct legal entity is listed herein.

16. On December 30, 2010, JP Morgan filed a Motion for Relief from Stay in the Chapter 7 bankruptcy matter. *See* Bankruptcy Civil Action Number 10-43053. (Docket Entry No. 40).

17. On January 13, 2011, Howe filed an Opposition to Motion for Relief from Stay. *See* Bankruptcy Civil Action Number 10-43053 (Docket Entry No. 45).

18. On March 10, 2011, the Bankruptcy Court granted JP Morgan's Motion for Relief from Stay. *See* Bankruptcy Civil Action Number 10-43053 (Docket Entry No. 59).

*19.* On June 30, 2011, the Plaintiff, United States Trustee, filed an Adversary Action against the Defendant, David J. Howe, Adversary Proceeding Number 11-04080.

### *Pre Foreclosure and Foreclosure Details*

20. On September 12, 2011, BSI sent a 150 day Notice of Right to Cure to Howe.

21. Howe did not cure the default within the 150 days and on March 2, 2012, a Complaint to satisfy the Servicemembers Act was filed with the Land Court. *See* Exhibit 3 of Affidavit of Reneau J. Longoria, Esquire.

22. On May 31, 2012, the Order of Notice was published in the Sudbury Town Crier.

23. On June 28, 2012, pursuant to Massachusetts General Laws, Chapter 244, §14, Notice of Sale letter with a footnote relating to the exception for a Chapter 7 bankruptcy filing, was sent to the Plaintiff at the property address, his primary residence. *See* Exhibit 5 of Affidavit of Reneau J. Longoria, Esquire.

24. On July 2, 2012, the foreclosure sale scheduled for July 26, 2012, was postponed until August 3, 2012, due to a delay in service. *See* of Affidavit of Reneau J. Longoria, Esquire.

25. On July 5, 2012, July 12, 2012, and July 19, 2012, the Notice of Mortgagee's Sale of Real Estate published in the aforementioned Sudbury Town Crier. *See* Exhibit 7 of Affidavit of Reneau J. Longoria, Esquire.

26. Howe was served with the Order of Notice on July 13, 2012, and the Order of Notice was recorded at the aforesaid Registry on May 25, 2012. *See* Exhibit 4 of Affidavit of Reneau J. Longoria.

27. On July 24, 2012, as evidence of full compliance with the Servicemembers Civil Relief Act and that the named party is not entitled to the benefit of the Act, a complete Return on Order of Notice, Affidavit as to Military Service, and Motion for Judgment was filed with the Land Court. *See* Exhibit 8 of the Affidavit of Reneau J. Longoria, Esquire.

28. On August 2, 2012, the Plaintiff filed his Emergency, *Ex Parte*, Motion for a Temporary Restraining Order and Preliminary Injunction in the Middlesex County Superior Court as Civil Action Number MICV2012-02998. *See* Exhibit 10 Affidavit of Reneau J. Longoria, Esquire.

29. On or about August 2, 2012, the Defendant, through the undersigned, received the Motion by fax and subsequently removed the matter to this Court. *See* Affidavit of Reneau J. Longoria, Esquire..

30. On August 2, 2012, the Defendant postponed the August 3, 2012, foreclosure sale by public proclamation to August 16, 2012, to allow the parties to enter into settlement negotiations. *See* Affidavit of Reneau J. Longoria, Esquire.

31. The Defendant postponed the foreclosure sale scheduled for August 16, 2012, by public proclamation to August 23, 2012, to provide the Plaintiff additional time to review its settlement offer. *See* of Affidavit of Reneau J. Longoria, Esquire

32. On August 22, 2012, the foreclosure sale scheduled for August 23, 2012, was postponed by public proclamation to September 14, 2012, at 10:00 AM for further settlement negotiations.

33. On August 29, 2012, the Plaintiff filed a Motion to Voluntarily Dismiss his Chapter 7 Bankruptcy.

34. 1st Alliance Lending is not a subsidiary of the Defendant.
Nevertheless, on September 7, 2012, the Defendant offered Howe a final settlement proposal for a modification of his loan.
The offer was not accepted. *See* of Affidavit of Reneau J. Longoria, Esquire.

35. On September 14, 2012, the Plaintiff's Chapter 7 Bankruptcy, Civil Action No. 10-43053, was voluntarily dismissed.

36. Based on a Broker's Price Opinion dated July 2, 2012, the subject property has an "as is" value of $590,000.00. *See* Exhibit X of Affidavit of Karen Shoup.

37. The payoff owed by Howe as of September 14, 2012, is $925,947.84, plus foreclosure attorney fees and costs in the amount of $5,988.70, plus litigation attorney fees and costs in the amount of $2,961.10 for total debt of $934,897.64.

38. As of September 14, 2012, the Plaintiff is in arrears on his loan, and the total amount necessary to reinstate the loan is $71,904.86, which includes his monthly mortgage payments, late fees, escrow, and corporate advances that BSI has been advancing since July 2011.

Respectfully Submitted,

U.S. Bank National Association not in its individual capacity, but solely as Legal Title Trustee for LVS Title Trust I
By its attorneys,

Dated:  September 21, 2012

/s/ Reneau J. Longoria
DOONAN, GRAVES & LONGORIA LLC
Reneau J. Longoria, Esq. (BBO# 635118)
John A. Doonan, Esq. (BBO# 547838)
Stephen M. Valente, Esq. (BBO# 663118)
Erin P. Severini, Esq. (BBO#654644)
100 Cummings Center, Suite 225D
Beverly, MA  01915
Tel: (978) 921-2670
rjl@dgandl.com