## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**Civil Action No. 12-cv-11428-WGY**

```
*************************************
DAVID J. HOWE,                      *
                Plaintiff,          *
v.                                  *
                                    *
U.S. BANK NATIONAL ASSOCIATION      *
AND LEGAL TITLE TRUSTEE FOR         *
LVS TITLE TRUST I,                  *
                Defendant,          *
v.                                  *
                                    *
HOWE DEVELOPMENT LLC,               *
                Intervenor.         *
*************************************
```

## MEMORANDUM IN SUPPORT OF THE MOTION OF U.S. BANK NATIONAL ASSOCIATION AND LEGAL TITLE TRUSTEE FOR LVS TITLE TRUST I TO AMEND COUNTERCLAIMS AND JOIN HOWE DEVELOPMENT LLC <u>AND THE GRANT STREET LLC AS COUNTERCLAIM DEFENDANTS</u>

U.S. Bank National Association and Legal Title Trustee for LVS Title Trust I, ("U.S. Bank"), by and through its counsel, hereby submits this Memorandum of Law in support of its Motion to Amend Counterclaims and Join Howe Development LLC and The Grant Street LLC as Counterclaim Defendants (the "Motion").

## INTRODUCTION

This case arises out of U.S. Bank's foreclosure of David J. Howe's property located at 12 Stuart Street, Sudbury, MA ("Stuart Street"). In response to the Plaintiff's Complaint, U.S. Bank filed an Answer and Counterclaims and was subsequently granted attachments on properties owned by Howe Development LLC, ("Howe Development"), a company U.S. Bank submits is owned, operated and controlled solely by David J. Howe. Howe Development later intervened in this matter and currently an evidentiary hearing is scheduled on Howe Development's Petition to Dissolve Attachments for April 1, 2013.

In response to Howe Development's intervention in the case and based on newly acquired information relating to formation of The Grant Street LLC ("Grant Street"), another entity owned and controlled by David J. Howe, U.S. Bank seeks to amend its counterclaims and join Howe Development and Grant Street as counterclaim defendants. Specifically, U.S. Bank seeks to impose liability on both Howe Development and Grant Street on the grounds that each entity is the alter ego of David J. Howe. Howe Development and Grant Street each operate as an instrumentality of David J. Howe, indistinguishable from one another. David J. Howe has complete control over the assets of each entity and has used each of them as a conduit to shield assets from his creditors, including U.S. Bank. Accordingly, to the extent U.S. Bank is successful is prosecuting its claim for a deficiency judgment against David J. Howe, it is appropriate and proper for U.S. Bank to look to the assets of both Howe Development and Grant Street in satisfaction of its judgment and, thus, it is necessary to join both Howe Development and Grant Street as counterclaim defendants. For these reasons, as set forth more fully below, U.S. Bank's Motion should be allowed.

## FACTS

U.S. Bank incorporates by reference its Statement of Undisputed Material Facts filed in connection with its Motion for Summary Judgment. (ECF Dkt. No. 16) and the factual allegations set forth in its Motion for Real Estate Attachment (ECF Dkt. No. 21), *Ex Parte* Motion for Trustee Process and Opposition to Howe Development LLC's Petition to Dissolve Attachments (ECF Dkt. No. 52).

Additionally, the following facts are relevant.

1. The Plaintiff formed Grant Street on December 3, 2012, with its principal office located at 111 Boston Post Road, Ste. 213, Sudbury, MA. The same address as Howe Development. *See* Exhibits A1 and A2 (true and correct copies of the Certificates of Organization are attached hereto).

3. On January 11, 2013, Mutual One Bank f/k/a Framingham Co-operative Bank assigned all its right, title and interest in and to a Memorandum of Terms and Conditions of Auction Sale in connection with the property located at 76-78 Grant Street, Framingham, Massachusetts to Grant Street. *See* Exhibit B (a true and correct copy of the recorded Assignment of Bid is attached hereto).

4. Grant Street purchased 76-78 Grant Street, Framingham, Massachusetts for $247,500.00, pursuant to a foreclosure deed dated January 11, 2013, and recorded with the Middlesex County (Southern District) Registry of Deeds, Land Court Section, as Document No. 1516040, noted on Certificate of Title No. 245174. *See* Exhibit C (a true and correct copy of the recorded Foreclosure Deed is attached hereto).

5. On January 14, 2013, Grant Street executed a mortgage and security agreement in favor of Mutual One Bank, in the amount of $1,080,000.00 and recorded with the Middlesex County (Southern District) Registry of Deeds, Land Court Section, as Document No. 1628149, noted on Certificate of Title No. 253178. *See* Exhibit D (a true and correct copy of the recorded Mortgage and Security Agreement are attached hereto).

6. The Grant Street property, according to the Town Assessors office, is worth $650,300.00 dollars. *See* Exhibit E (a true and correct copy of the Assessor Database Property Assessment is attached hereto and incorporated herein.)

## LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 15(a)(2), a party may amend its pleading upon consent of the opposing party or upon the court's leave, when justice so requires. Leave to amend should not be granted if the moving party has shown undue delay, bad faith or a dilatory motive or the amendment would be futile or cause undue prejudice. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). The proposed amendment would be futile, "[i]f leave to amend is sought

before discovery is complete and neither party has moved for summary judgment, the accuracy of the 'futility' label is gauged by reference to the liberal criteria of Federal Rule of Civil Procedure 12(b)(6)."[1] *Hatch v. Dep't for Children, Youth and Their Families*, 274 F.3d 12, 19 (1st Cir. 2001). Alternatively, if leave to amend is sought after a motion for summary judgment has been filed, "the proposed amendment must be not only theoretically viable but also solidly grounded in the record. (citation omitted)  In that type of situation, an amendment is properly classified as futile unless the allegations of the proposed amended complaint are supported by substantial evidence." *Id.*

Fed. R. Civ. P. 19(a) governs joinder of a party if feasible and provides that

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).   Joinder "further[s] several related policies, including the public interest in preventing multiple and repetitive litigation, the interest of the present parties in obtaining complete and effective relief in a single action, and the interest of absentees in avoiding the possible

---

[1] Fed. R. Civ. P. 12(b)(6) allows for the dismissal of a complaint, if it fails to state a claim upon which relief can be granted. Dismissal is appropriate when the complaint fails to plead sufficient facts demonstrating a plausible entitlement to the relief requested. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).  When reviewing a complaint for dismissal, the "factual allegations must be enough to raise a right to relief above the speculative level . . ." *Bell Atlantic Corp.*, 550 U.S. at 555.  In order to survive a motion to dismiss, a complaint must allege enough facts to support a claim for relief that is not just "conceivable" but "plausible on its face." *Id.* at 570. Bare allegations and legal conclusions and/or a "formulaic recitation of a cause of action's elements will not do." *Id .* at 555.

prejudicial effect of deciding the case without them." *Hutchins v. Cardiac Science, Inc.*, 456 F.Supp.2d 173, 191 (D.Mass. 2006) (citation omitted). "[W]hen applying Rule 19(a), a court essentially will decide whether considerations of efficiency and fairness, growing out of the particular circumstances of the case, require that a particular person be joined as a party." *Pujol v. Shearson Am. Express, Inc.*, 877 F.2d 132, 134 (1st Cir. 1989).

## ARGUMENT

### 1. U.S. Bank's proposed amendment to its counterclaims states a viable theory of relief.

U.S. Bank seeks to amend its counterclaims to include an equitable right to relief against Howe Development and Grant Street based on a reverse veil piercing theory. U.S. Bank is not attempting to assert a separate and distinct cause of action against Howe Development and Grant Street, but rather aims to use the equitable tool of piercing the corporate veil to impose liability on Howe Development and Grant Street based on its underlying breach of contract/deficiency claim against the Plaintiff. *See Kraft Power Corp. v. Merrill*, 464 Mass.145, 981 N.E.2d 671 (Jan. 14, 2013).

In the case at hand and as set forth in U.S. Bank's Opposition to Howe Development's Petition to Dissolve Attachments, Howe Development and Grant Street are alter egos of David J. Howe operated and controlled solely by him as a means to conduct his business of purchasing and re-selling properties in a manner that insulates himself from liability and allows him to conceal assets from his creditors. The facts demonstrate that there is a unity of interest between Howe and Howe Development and Grant Street and that they are indistinguishable. For example, David J. Howe formed both entities for the sole purpose of purchasing properties to renovate and resell; forming Grant Street as recently as December 2012. Both entities list their principal office as 111 Boston Post Road, Ste. 213, Sudbury, MA; the same address as his other business in which he claims an ownership interest.

5

David J. Howe manages Grant Street and his wife, in name only, manages Howe Development. Additionally, Howe is the only individual authorized to execute, acknowledge, deliver and record any recordable instrument purporting to affect an interest in real property owned by Grant Street. With respect to Howe Development, he is the only individual who is a signatory on Howe Development's bank account at Middlesex Savings Bank, which he has used for his own personal expenses. Both Howe Development and Grant Street operate solely as instrumentalities of David J. Howe and, thus, it is appropriate and proper for U.S. Bank to amend its counterclaims to seek the equitable remedy of veil piercing in connection with its deficiency claim.

**2. Joinder of Howe Development and Grant Street is proper under Fed. R. Civ. P. 19.**

Pursuant to Rule 19(a) of the Federal Rules of Civil Procedure, U.S. Bank seeks to join Howe Development and Grant Street as necessary parties to this action. *See Pujol*, 877 F.2d at 134 (equating feasible joinder with the formerly used terminology "necessary party"). Both Howe Development and Grant Street should be joined as counterclaim defendants since U.S. Bank intends on pursuing relief against them based on the equitable theory of reverse corporate veil piercing. Not only will joinder allow the Court to completely adjudicate the matter and determine U.S. Bank's right to impose liability on Howe Development and Grant Street for the deficiency judgment anticipated in the matter brought against U.S. Bank to enjoin the foreclosure; but, both entities have an interest that is related to the subject of the action that could be impaired if not brought in as parties; a fact Howe Development acknowledged in its Motion to Intervene. *See* ECF Dkt No. 44, p. 6-7. Moreover, joinder is procedurally feasible since both Howe Development and Grant Street are subject to service of process and their joinder will not deprive this Court of subject matter jurisdiction. Because the interests of justice require Howe Development and Grant Street to be joined in this action as counterclaim defendants, U.S. Bank's request for joinder under Rule 19(a) should be allowed.

## CONCLUSION

Based on the foregoing, U.S. Bank respectfully requests that this Court grant its Motion and for such other and further relief as this Court may deem just and proper.

<div style="margin-left:50%">

U.S. Bank National Association and
Legal Title Trustee for LVS Title
Trust I,
By its attorneys,

</div>

Dated: March 27, 2013

/s/ Reneau J. Longoria
DOONAN, GRAVES & LONGORIA LLC
Reneau J. Longoria, Esq. (BBO# 635118)
John A. Doonan, Esq. (BBO# 547838)
Stephen M. Valente, Esq. (BBO# 663118)
100 Cummings Center, Suite 225D
Beverly, MA 01915
Tel: (978) 921-2670
rjl@dgandl.com

## CERTIFICATE OF SERVICE

I, Reneau J. Longoria, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 27, 2013.

/s/ Reneau J. Longoria
Reneau J. Longoria, Esq.